**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ÁLVARO H.S.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. VENTURELLA, *Acting Director, Immigration and Customs Enforcement*;

David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-4608 (JRT/DLM)

**ORDER**

---

Kira Aakre Kelley, **CLIMATE DEFENSE PROJECT**, Post Office Box 7040, Minneapolis, MN 55407, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Álvaro H.S. is a citizen of Mexico and a resident of Fridley, Minnesota, who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota. On October 24, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate the Fourth and Fifth Amendments of the

United States Constitution. Because the Court is unable to determine if Petitioner's arrest was lawful on the present record, the Court will order Respondents to provide the Court with more information.

## BACKGROUND

### I. FACTS

Petitioner is a citizen of Mexico. (Pet. for Writ of Habeas Corpus ("Pet.") ¶ 11, Oct. 24, 2026, Docket No. 1.) He has resided in the United States since 1999 when he entered the United States without inspection or detection as a teenager. (*Id.*) He has two teenaged children who are U.S. Citizens, who he lives with and takes care of. (*Id.* ¶ 13.)

On October 14, 2026, Petitioner was arrested by ICE agents after they pulled over his car in Blaine, Minnesota. (*Id.* ¶ 14; *see also* Decl. of James Vandervaart ("Vandervaart Decl.") ¶ 5, Oct. 29, 2026, Docket No. 6.) ICE issued a Form I-200 Administrative warrant at 8:00 a.m. (*Id.* ¶ 8, Ex. 2.) A Form I-862, Notice to Appear ("NTA") was also issued on October 14, 2026, but Respondents do not provide any evidence about when the NTA was issued to Petitioner. (*Id.* ¶ 6, 8, & Ex. 3.)

### II. PROCEDURAL HISTORY

On October 24, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, contending that his arrest and detention are unlawful under the Fourth and Fifth Amendments. (Pet. ¶¶ 35–42.) The Court directed Respondents to file a reasoned

memorandum responding to Petitioner's claims. (Docket No. 4.) Respondents timely filed a response, and Petitioner replied. (Docket Nos. 5, 7.)

**DISCUSSION**

On the current facts, the Court is unable to conclude that Petitioner's arrest was premised on a valid I-200 administrative warrant.

ICE's regulations empower officials "**[a]t the time of issuance of [a] notice to appear**, **or at any time thereafter** and up to the time removal proceedings are completed," to arrest a noncitizen and take them into custody "under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1) (emphasis added). But the copy of the NTA provided by Respondents provides no time stamp, and the Deportation Officer providing the declaration is apparently not the same officer who signed either the NTA or the I-200 administrative warrant. The Court also notes that the NTA was apparently signed by someone—who was not identified—"FOR" a "SDDO" (presumably, a Supervisory Detention and Deportation Officer). (Vandervaart Decl., Ex. 3.) In short, the evidence presented by Respondents—at least at this early stage of this litigation—does not support that the NTA was validly issued prior to the I-200. Accordingly, to the extent Petitioner was taken into custody pursuant to the I-200 warrant, the Court cannot conclude that the arrest was lawful.

So that the Court can determine whether Petitioner's arrest was lawful, Respondents will be ordered to provide further information on the timing of the issuance

the NTA. Respondents should also address whether the signature on the NTA was in compliance with 8 C.F.R. § 236.1(a) and 8 C.F.R. § 287.5(e)(2).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Within **24 hours** of this Order, Respondents shall provide further information on the timing of the issuance of Petitioner's Notice to Appear and the compliance of the signature on the NTA.
2. If Respondents are unable to timely provide further information about the timing of Petitioner's Notice to Appear, Respondents shall immediately release Petitioner from custody with all personal effects and without any new conditions.

DATED: October 30, 2026
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge