**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ÁLVARO H.S.,

Petitioner,

v.

TODD BLANCHE, *U.S. Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. VENTURELLA, *Acting Director, Immigration and Customs Enforcement*;

David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-4608 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Kira A. Kelley, **CLIMATE DEFENSE PROJECT**, Post Office Box 7040, Minneapolis, MN 55407, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Álvaro H.S. is a citizen of Mexico and a resident of Fridley, Minnesota, who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota. On October 24, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate the Fourth and Fifth Amendments of the

United States Constitution. Because the Court was unable to determine if Petitioner's arrest was lawful on the present record, the Court ordered Respondents to provide the Court with more information. Respondents failed to timely respond. The Court will, therefore, order Petitioner's immediate release.

## BACKGROUND

### I. FACTS

Petitioner is a citizen of Mexico. (Verified Pet. for Writ of Habeas Corpus ("Pet.") ¶ 11, Oct. 24, 2026, Docket No. 1.) He has resided in the United States since 1999, when he entered as a teenager without inspection or detection. (*Id.*) He lives with and takes care of his two teenage children, who are U.S. Citizens. (*Id.* ¶ 13.)

On October 14, 2026, Petitioner was arrested by ICE agents after they pulled over his car in Blaine, Minnesota. (*Id.* ¶ 14; *see also* Decl. of James Vandervaart ("Vandervaart Decl.") ¶ 5, Oct. 29, 2026, Docket No. 6.) ICE issued a Form I-200 Administrative warrant at 8:00 a.m. (*Id.* ¶ 8, Ex. 2.) A Form I-862, or Notice to Appear ("NTA"), was also issued on October 14, 2026, but Respondents did provide any evidence about when the NTA was issued to Petitioner. (*Id.* ¶ 6, 8, & Ex. 3.)

### II. PROCEDURAL HISTORY

On October 24, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, contending that his arrest and detention are unlawful under the Fourth and Fifth Amendments. (Pet. ¶¶ 35–42.) The Court directed Respondents to file a reasoned

memorandum responding to Petitioner's claims. (Docket No. 4.) Respondents timely filed a response, and Petitioner replied. (Docket Nos. 5, 7.)

Because the Court was unable to conclude whether Petitioner's arrest was premised on a valid I-200 administrative warrant, it ordered Respondents to—within 24 hours—provide further information on the timing of the issuance of Petitioner's Notice to Appear and the compliance of the signature on the NTA. (Order, October 30, 2026, Docket No. 8.) No timely response was received.

**DISCUSSION**

ICE's regulations empower officials "**[a]t the time of issuance of [a] notice to appear**, **or at any time thereafter** and up to the time removal proceedings are completed," to arrest a noncitizen and take them into custody "under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1) (emphasis added). But the copy of the NTA provided by Respondents provides no time stamp, and the Deportation Officer providing the declaration is apparently not the same officer who signed either the NTA or the I-200 administrative warrant. The Court also noted that the NTA was apparently signed by someone—who was not identified—"FOR" a "SDDO" (presumably, a Supervisory Detention and Deportation Officer). (Vandervaart Decl., Ex. 3.) The Court previously ordered Respondents to provide additional evidence, if any, to support that the NTA was validly issued prior to the I-200 administrative warrant.

Respondents having failed to timely provide further information on the timing of the issuance of the NTA or whether the signature on the NTA was in compliance with 8 C.F.R. § 236.1(a) and 8 C.F.R. § 287.5(e)(2), the Court concludes that Petitioner's arrest was unlawful. *See Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701 (D. Minn. May 5, 2026).

Because the Court concludes ICE failed to comply with federal immigration law when arresting Petitioner and Respondents have not justified Petitioner's continued detention, release is the proper remedy. *See, e.g.*, *id.* at *3; *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Álvaro H.S.'s petition for writ of habeas corpus and order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Álvaro H.S.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

a. Respondents shall coordinate with Petitioner's counsel regarding the time and location of release.

b. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

2. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 4:00 p.m. on November 4, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation by **no later than 4:00 pm on November 6, 2026.**

DATED: November 2, 2026
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge